IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARK RENALDO LOWE,

                Plaintiff,                       ORDER

         v.                               06-C-680-C

DR. KAPLAN, NURSE DAN,
and MARY JO SCHMITT,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff is proceeding in this action on his claims that 1) defendant Nurse Dan refused to provide him an extra mattress to alleviate his chronic back pain; 2) defendant Dr. Kaplan performed an inadequate examination of his back and refused to offer him any effective treatment for his chronic back pain; and 3) defendant Mary Jo Schmitt failed to arrange for medical care for plaintiff.  Now plaintiff has filed a document titled "Petition for Writ of Habeas Corpus," (docket #23) that I construe as a motion for the issuance of a writ of habeas corpus ad testificandum.  Also, plaintiff has also filed a letter dated September 24, 2007, (docket #22) that I construe as a motion for extension of time to identify an expert witness.

1

In his first motion, plaintiff requests that the court issue a writ for his appearance at trial.  In this case, trial is not scheduled until March 24, 2008.  If plaintiff's case survives dispositive motions, such as a motion for summary judgment, an order discussing trial preparation will be issued along with a writ of habeas corpus ad testificandum for plaintiff's appearance at trial.

Plaintiff's second motion is a letter that I have construed as a request for an extension of time to identify Debra Palms as an expert witness.  Plaintiff says in an earlier submission that Ms. Palms would testify to finding "a knot the size of a small orange in Lowe's mid-upper back."  In the Magistrate Judge's preliminary pretrial conference order dated June 13, 2007 the parties were advised that "[p]hysicians, nurses and other similar care givers who will be offering evidence only about what they did, and who will not be offering new expert opinions, must be named as experts . . . ," and "these types of witnesses do not have to prepare written reports for this lawsuit."  Because plaintiff's request to name Debra Palms reveals that he will be asking her questions relating only to the care she provided to plaintiff, his tardiness in naming her will not prejudice defendants.  Therefore, plaintiff's request for an extension of time to name Debra Palms as an expert witness

will be granted.

ORDER

IT IS ORDERED that plaintiff Mark Lowe's motion for the issuance of a writ of
habeas corpus ad testificandum is DENIED as premature.  Further, IT IS ORDERED that
plaintiff's motion for extension of time to identify Debra Palms as an expert witness is
GRANTED.

Entered this 12th day of October, 2007.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3