IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARK RENALDO LOWE,

                   Plaintiff,                            ORDER

       v.                                  06-C-680-C

DR. KAPLAN, NURSE DAN,
and MARY JO SCHMITT,

                   Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

I denied plaintiff Mark Lowe's motion for summary judgment in an order dated September 26, 2007 for his failure to comply with this court's summary judgment procedures. I told plaintiff that I could not consider his motion because I could not follow his legal argument and statement of facts and because the documentary evidence to which he referred was not authenticated. Now, plaintiff has filed 1) a "motion in support of brief," that I construe as a renewed motion for summary judgment; 2) a brief in support; 3) a letter dated October 26, 2007, that I construe as plaintiff's amended proposed findings of fact; 4) an affidavit of Mark Lowe to which is attached a packet of 33 exhibits; and 5) a letter dated October 26, 2007 describing plaintiff's attempts to comply with this court's summary

1

judgment procedures.  I will set briefing on plaintiff's renewed motion for summary judgment with the understanding that plaintiff will promptly cure a problem in the form of his affidavit in support of the motion for summary judgment and explain his ability to attest to the authenticity of the attached exhibits.

The first problem is that plaintiff's affidavit is not admissible because he did not notarize it or, alternatively, declare it to be true under penalty of perjury as provided in 28 U.S.C. § 1746.  From the description of events in plaintiff's October 26th letter, it appears that plaintiff asked for notary services but was denied them.  Although it is not at all clear why plaintiff was unable to obtain the services of a notary at the prison, he has an alternative.  28 U.S.C. § 1746 provides that sworn statements are admissible in evidence in federal court under two circumstances.  One is that they contain the signature and seal of a notary public.  The second is if the signer makes a declaration at the completion of his statement that includes the following sentence followed by a signature:  "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on (date)."

At the end of plaintiff's current affidavit, he states, "I further swear that the description of the incident contained is a true, accurate, and impartial description to the best of my knowledge, information, and belief."  That statement is not "substantially similar" to the statement in the statute.  Therefore, I will allow plaintiff to submit an amended affidavit

2

in which he replaces his sworn statement at the bottom of his affidavit with the statement set out in 28 U.S.C. § 1746.

The second problem is that plaintiff has been unable to get help from the medical records keeper in authenticating exhibits #31, 32 and 33. (Plaintiff was able to authenticate exhibits #1-30 himself because these exhibits are either health service requests that plaintiff submitted or correspondence that he sent or received. He has personal knowledge about the authenticity of these exhibits.) Exhibits #31, 32 and 33 cannot be authenticated by plaintiff because he did not write them and he does not have personal knowledge that they are true and correct copies of the originals. However, plaintiff states in his October 26th letter that he asked the medical records keeper, Ms. Halterman, to authenticate Exhibits #31, 32 and 33, but she "specifically stated she will not authenticate the medical file during our file review on 10/18/07." Plaintiff has attached to his letter copies of three health service requests, none of which shows that Ms. Halterman explicitly denied his requests for authentication. However, the attachments do show a surprising disregard for plaintiff's requests. Fortunately, plaintiff has alternatives. He might be able to swear to their authenticity in his own affidavit if he obtained them from defendants in discovery. Otherwise, in light of plaintiff's assertion that he has been denied an affidavit of authentication from the medical records keeper, I will accept exhibits #31, 32 and 33 as authenticated unless defendants object to their authenticity and show in what way the

3

records are inaccurate.

ORDER

IT IS ORDERED that briefing on plaintiff Mark Lowe's renewed motion for summary judgment is scheduled as follows: defendants have until December 5, 2007 in which to oppose the motion and plaintiff will have until December 17, 2007 in which to file his reply.

FURTHER, IT IS ORDERED that plaintiff has until November 19, 2007 to submit an amended affidavit that contains authenticated copies of exhibits #31, 32 and 33 and replaces his sworn statement at the bottom of his affidavit with the statement provided in 28 U.S.C. § 1746.  In addition, plaintiff may further amend his affidavit, if appropriate, to swear that exhibits #31, 32 and 33 are true and correct copies of three pages from his medical record provided to him through discovery.  Otherwise, defendants may object to the authenticity of exhibits #31, 32 and 33 in their response to plaintiff's proposed findings of

4

fact and advise the court expressly in what respect the records are inaccurate.

Entered this 5th day of November, 2007.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

5