IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARK RENALDO LOWE,

                              OPINION and ORDER

        Plaintiff,

                              06-cv-680-bbc

    v.

ROMAN KAPLAN, DAN KLOTZBACH,
and MARY JO SCHMITT,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     In this lawsuit brought under 42 U.S.C § 1983, plaintiff Mark Lowe contended that defendants Roman Kaplan, Dan Klotzbach and Mary Jo Schmitt were deliberately indifferent to his need for medical care for his back pain. On February 20, 2008, I granted defendants' motion for summary judgment, entered judgment in their favor and closed the case. Now before the court are plaintiff's motions for reconsideration of that decision and for appointment of counsel, which he filed on March 3, 2008, and a notice of appeal that plaintiff filed on March 7, 2008. I construe plaintiff's motion for reconsideration as a motion to alter or amend the judgment pursuant to Fed. R. Civ. Pro. 59. Both this motion and his motion for appointment of counsel will be denied. Moreover, I construe plaintiff's

1

notice of appeal to include a request for leave to proceed in forma pauperis on appeal. I will reserve a decision on that motion until plaintiff submits a trust fund account statement for the six-month period immediately preceding the filing of his appeal, as 28 U.S.C. § 1915(a)(2) requires.

As an initial matter, I note that the purpose of a Rule 59 motion is to bring to the court's attention newly discovered evidence or a manifest error of law or fact. E.g., Bordelon v. Chicago School Reform Bd. of Trustees, 233 F.3d 524, 529 (7th Cir. 2000). It is not intended as an opportunity to reargue the merits of a case. Neal v. Newspaper Holdings, Inc. 349 F.3d 363, 368 (7th Cir. 2003). Nor is a Rule 59 motion intended as an opportunity for a party to start giving evidence that could have been presented earlier. Dal Pozzo v. Basic Machinery Co., Inc., 463 F.3d 609, 615 (7th Cir. 2006) (citing Frietsch v. Refco, Inc., 56 F.3d 825, 828 (7th Cir. 1995)).

Motions under Rule 59 must be filed within ten days of the entry of judgment. Fed. R. Civ. P. 59(b). A litigant's failure to meet the time limits of Rule 59 forecloses him from raising in the district court his assertions that errors of law have been made. United States v. Griffin, 782 F.2d l393 (7th Cir. l986). If the motion is timely, the movant must "clearly establish" his or her grounds for relief. Romo v. Gulf Stream Coach, Inc., 250 F.3d 1119, 1122 n.3 (7th Cir. 2001). A timely motion filed pursuant to Fed. R. Civ. P. 59 tolls the time for taking an appeal.

Plaintiff's motion is timely. In his motion, plaintiff rehashes arguments he made in opposition to defendants' motion for summary judgment. In addition, he has submitted a number of unauthenticated documents he appears to believe are additional evidence in opposition to defendants' motion for summary judgment.

Even if plaintiff's evidence were authenticated, I could not consider it. First, the purported evidence does not appear to be evidence which by due diligence plaintiff could not have been discovered or submitted earlier. Second, plaintiff apparently wants to use the newly presented evidence to bolster his argument that his back problem constituted a serious medical need. In the summary judgment opinion, I determined that *even if* plaintiff's back problem constituted a serious medical need, his claims against defendants could not be maintained because he lacked evidence that they were indifferent to his need for treatment at any time. For this reason, evidence that plaintiff's back problems were sufficiently serious to merit constitutional protection would not alter the ultimate conclusion I reached in the February 20, 2008 opinion and order.

Finally, the purpose of a Rule 59 motion is to point out errors of law the judge may have made in deciding the case or errors relating to evidence that existed in the record at the time the decision was made. Because there is no basis for considering plaintiff's additional evidentiary submissions and the remainder of the motion is nothing more than a statement of plaintiff's disagreement with the February 20, 2008 decision, plaintiff's motion to alter

3

or amend the judgment pursuant to Fed. R. Civ. P. 59 will be denied.

Because plaintiff's case is closed, and will remain closed, his motion for appointment of counsel to assist him with this case will be denied as moot.

Plaintiff's request for leave to proceed in forma pauperis on appeal is governed by the 1996 Prison Litigation Reform Act.  This means that this court must determine first whether plaintiff's request must be denied either because he has three strikes against him under 28 U.S.C. § 1915(g) or because the appeal is not taken in good faith.  Plaintiff does not have three strikes against him, and I do not intend to certify that his appeal is not taken in good faith.

The only other hurdle to plaintiff's proceeding with his appeal in forma pauperis is the requirement that he pay an initial partial payment of the filing fee that has been calculated from a certified copy of his trust fund account statement for the six-month period immediately preceding the filing of his notice of appeal.  28 U.S.C. § 1915(a)(2).  Plaintiff has not submitted the necessary trust fund account statement.  Until he does so, I cannot determine whether he is indigent and, if he is, the amount of his initial partial payment.


ORDER

IT IS ORDERED that plaintiff's motion to alter or amend the judgment entered in this case on February 20, 2008 is DENIED.  FURTHER IT IS ORDERED that plaintiff's

4

motion for appointment of counsel is DENIED.

Finally, IT IS ORDERED that a decision whether plaintiff may proceed in forma pauperis on appeal is STAYED. Plaintiff may have until April 8, 2008, in which to submit a certified copy of his trust fund account statement for the six-month period beginning approximately September 15, 2007 and ending approximately March 15, 2008. If, by April 8, 2008, plaintiff fails to submit the required trust account statement or show cause for his failure to do so, then I will deny his request for leave to proceed in forma pauperis on the ground that he has failed to show that he is entitled to indigent status on appeal.

Entered this 18th day of March, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

5